Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel III

| | | |
|---|---|---|
| MILTON SANTIAGO RODRÍGUEZ Y OTROS<br><br>Peticionaria<br><br>v.<br><br>COOPERATIVA DE VIVIENDAS ROLLING HILLS Y OTROS<br><br>Recurrida | KLCE202400376 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm. CA2022CV00987 (CIVIL 402)<br><br>Sobre: DAÑOS Y OTROS |

Panel integrado por su presidente, el Juez Figueroa Cabán, la Jueza Grana Martínez, el Juez Rodríguez Flores y el Juez Monge Gómez.

Grana Martínez, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 28 de junio de 2024.

El señor Milton Santiago Rodríguez (en adelante señor Santiago) solicita que revoquemos la Sentencia Parcial en la que el Tribunal de Primera Instancia (TPI) desestimó la demanda contra la demandada, Norma Bonilla Medina (en adelante, señora Bonilla) y que, revisemos la denegatoria a descalificar a los abogados de la Cooperativa de Viviendas Rolling Hills.

El 17 de abril de 2024, la Cooperativa de Viviendas Rolling Hills (en adelante Cooperativa de Viviendas o Cooperativa) presentó su oposición al recurso. La señora Bonilla hizo lo propio el 23 de abril de 2024.

Aunque este recurso se presentó como un certiorari, lo atenderemos como una apelación, porque se solicita que revoquemos una Sentencia Parcial que cumple con los requisitos de la Regla 42.3 de Procedimiento Civil, 32 LPRA Ap. V.

Los hechos pertinentes a nuestra controversia son los siguientes.

**I**

Los hechos de este caso se remontan al 26 de abril de 2018. La señora Bonilla y el señor Santiago son residentes de la Cooperativa de Vivienda. El 26 de abril de 2018, la señora Bonilla se querelló contra el señor Santiago, porque violó la Ley General de Sociedades Cooperativas y el Reglamento de la

Número Identificador

SEN2024_____

Cooperativa. La señora Bonilla alegó que temía por su seguridad y propiedad, porque el señor Santiago asumió una conducta agresiva, amenazante, hostil y de represalia contra su persona. La querellante adujo que el señor Santiago le negó el saludo y le recriminó por lo que hizo en la asamblea. Según la señora Bonilla, el señor Santiago le dijo en tono amenazante que no le hablara, que le tenía lo suyo guardado y la tenía en remojo y eso no se iba a quedar así. La señora Bonilla alegó que sintió que iba a agredirla, porque estaba desencajado, volvió a gritarle, levantó la mano de manera agresiva y amenazante y daba vueltas en una actitud agresiva.

La Cooperativa realizó una vista a la que el señor Santiago compareció con su abogado. Luego de evaluar la prueba concluyó que el lenguaje que utilizó el querellado generó una expectativa razonable de que podía realizar una acción adversa contra la querellante. La Cooperativa concluyó que el señor Santiago violentó la Ley General de Sociedades Cooperativas de PR y el Reglamento de la Cooperativa. Fue sancionado con un período probatorio de cuatro años, $500 dólares de penalidad, $1,270.40 de honorarios por servicios legales y se le ordenó abstenerse de pasear por el quinto piso durante la vigencia de la probatoria.

El señor Santiago solicitó reconsideración y le fue denegada. Inconforme, pidió revisión al TPI en el caso **CA2018CV03330**. La Cooperativa cuestionó la jurisdicción, porque la moción de reconsideración no interrumpió el término para acudir al tribunal. El TPI no acogió sus argumentos y asumió jurisdicción. La Cooperativa acudió en certiorari al Tribunal de Apelaciones (en adelante, TA o foro apelativo) en el KLCE201900948, para cuestionar la jurisdicción del TPI. El TA denegó el recurso. El señor Santiago pidió el pago de costas y honorarios, porque alegó que la Cooperativa acudió temerariamente al TA. El TPI concedió el pago de las costas y honorarios, porque la Cooperativa cuestionó de forma temeraria la orden de elevar el expediente administrativo.

El foro primario honró deferencia a las determinaciones de hecho del foro administrativo, porque estaban sostenidas por la evidencia sustancial

que surge del expediente en su totalidad. No obstante, determinó que las medidas disciplinarias impuestas eran muy onerosas, porque no estaban apoyadas por la prueba. El TPI dejó sin efecto las sanciones económicas, debido a que coartaban, limitaban y restringían el derecho de apelar y redujo el período probatorio y la prohibición de pasearse por el piso quinto a un año. Véase, Sentencia del TPI en el caso CA2018CV03330.

La Cooperativa acudió al TA en el KLCE201901287, donde alegó que el TPI erró al asumir jurisdicción y al dejar sin efecto la multa y los honorarios. El 30 de junio de 2020, el TA dictó una sentencia en la que resolvió que el TPI asumió correctamente la jurisdicción. Además, rechazó los argumentos de que el TPI no podía revocar las sanciones, sin alterar las determinaciones fácticas por las que fueron impuestas. El foro apelativo concluyó que los hechos probados no justificaron la severidad de las sanciones. Según el TA, un altercado verbal entre socios y vecinos innegablemente merece una probatoria y restricción de paseo por un año. No obstante, advirtió que la Cooperativa no proveyó copia del expediente administrativo. Por último, el TA revocó la imposición de costas y honorarios a la Cooperativa por presentar el KLCE201900948. Véase, sentencia del TA en el KLCE201901287.

El 30 de marzo de 2022, el señor Santiago presentó esta demanda contra la señora Bonilla, la Cooperativa y la Junta de Directores por incumplimiento de contrato, daños y perjuicios, persecución selectiva y maliciosa, represalias, difamación en la modalidad de libelo y privación de un derecho adquirido. La demanda incluyó las alegaciones siguientes. El señor Santiago suscribió un contrato de vivienda con la Cooperativa. Durante la vigencia del contrato, la señora Quiles Sepúlveda comenzó un patrón de persecución selectiva y acecho contra el señor Santiago y su familia, porque descubrió serias irregularidades y presentó una querella ante COSSEC. La Junta de Directores y la señora Quiles comenzaron un patrón de represalias y en común acuerdo con la señora Bonilla presentaron una querella frívola en su contra. Véase, pág. 1 del apéndice.

La parte demandante alegó que los demandados incumplieron el contrato existente entre ambas partes y le ocasionaron daños y perjuicios. Además, atribuyeron a los demandados conducta constitutiva de persecución selectiva y maliciosa, represalias, difamación por libelo y la privación de un derecho adquirido como socio mediante fraude. La demanda se enmendó para incluir a la Cooperativa de Seguros Múltiples como demandada. Véase, pág. 106 del apéndice. Los demandantes acusaron a la señora Bonilla de persecución maliciosa contra el señor Santiago. Según los demandantes, la señora Bonilla presentó una querella frívola ante la Junta de Directores de la Cooperativa, por lo que el señor Santiago estuvo sujeto a un período probatorio y se le impusieron multas administrativas que el tribunal dejó sin efecto.

El 1 de junio de 2022, los licenciados, Andrés Montañez Coss y la Lcda. Carolina Villafañe Escudero, presentaron una moción para asumir la representación legal de la Cooperativa y de los miembros de la Junta de Directores en su carácter oficial y personal y una prórroga para presentar alegación responsiva. Véase, pág. 16 del apéndice.

El 8 de junio de 2022, ambos letrados se unieron a la representación legal de la Cooperativa y su Junta de Directores. Véase, pág. 18 del apéndice. El TPI aceptó su representación y notificó la decisión el 8 de junio de 2022. Véase, pág. 21 del apéndice. Los demandados contestaron la demanda el 1 de julio de 2022. La contestación está firmada por los licenciados Andrés Montañez Coss y la Lcda. Carolina Villafañe Escudero. Véase, pág. 22 del apéndice. El 29 de agosto de 2022, el señor Santiago presentó demanda enmendada para incluir a la Cooperativa de Seguros Múltiples como demandada. El 13 de octubre de 2022, los demandados contestaron la demanda enmendada representados por los Licenciados Andrés Montañez Coss y Carolina Villafañe Escudero. Véase, pág. 113 del apéndice.

La señora Bonilla solicitó la desestimación de la demanda en su contra, porque estaba prescrita y por la ausencia de una causa de acción por persecución maliciosa. La demandada pidió que se tomara conocimiento

judicial de que el Tribunal de Apelaciones confirmó que el apelante cometió la conducta indebida que se le imputó en la querella. **La señora Bonilla invocó la defensa de impedimento colateral, porque la sentencia dictada por el Tribunal de Apelaciones en el recurso KLCE201901287 es final y firme.** Además, alegó la defensa de prescripción. Según la apelada, en el mejor de los casos, el término comenzó el 13 de noviembre de 2020 con la notificación del mandato en el caso **CC-2020-0229** y la demanda se presentó el 30 de marzo de 2022. No obstante, advirtió que el término prescriptivo realmente comenzó a partir del 30 de noviembre de 2020, cuando el señor Santiago desistió del caso CA2020CV01803, en el que hizo las mismas alegaciones de este pleito. Véase, pág. 79 del apéndice.

El 18 de septiembre de 2023, el señor Santiago pidió la descalificación de los abogados de la Cooperativa, a casi un año de que asumieran la representación legal. El demandante solicitó la descalificación de los licenciados Andrés Montañez Coss y la Lcda. Carolina Villafañe Escudero, porque alegó que existía un conflicto de intereses. El señor Santiago adujo que los abogados representan simultáneamente a: (1) la Cooperativa de Vivienda Rolling Hills, (2) a los miembros de la actual Junta de Directores en su carácter dual y (3) a los ex miembros de la Junta de Directores que llevaron a cabo los actos ilegales contra los codemandantes. Según el demandante, el conflicto consiste en que: (1) existe una representación dual de la Cooperativa y sus socios, (2) el dinero de los socios de la Cooperativa sufraga la defensa de los miembros y ex miembros de la Junta de Directores en su carácter personal y (3) existe una representación simultánea adversa de la Cooperativa, los miembros y ex miembros de la Junta de Directores. Véase, pág. 148 del apéndice.

Los licenciados Andrés Montañez Coss y Lcda. Carolina Villafañe alegaron que el demandante no tenía legitimación activa, para solicitar su descalificación, porque no demostró un perjuicio indebido. Véase, pág. 165 del apéndice, Oposición a solicitud de descalificación. Los abogados negaron la supuesta representación dual de la Cooperativa y sus socios. Ambos

adujeron que, de la propia demanda surge que, todas las alegaciones contra sus clientes están basadas exclusivamente en sus actos u omisiones como miembros de la Junta. Según los abogados, a sus clientes se les demandó en su carácter personal y no como socios. Los letrados alegaron que a sus clientes se les demandó en su carácter personal, porque la Junta de Directores no tiene personalidad jurídica. Ambos fueron enfáticos en que no existe una representación simultánea de la Cooperativa y sus socios, porque la reclamación contra sus clientes está basada exclusivamente en sus actos como Directores de la Cooperativa.

Los abogados alegaron que sus honorarios no son pagados con el dinero de los socios de la Cooperativa. Ambos adujeron que la Cooperativa tiene una póliza suscrita con Seguros Múltiples que cubre la representación legal de los miembros de la Junta de Directores por sus actos y omisiones en el desempeño de sus funciones. Según los abogados, el demandante era temerario porque conocía la existencia del seguro, debido a que enmendó la demanda para incluir a Seguros Múltiples.

Por último, los abogados negaron que, entre la Cooperativa y los miembros y ex miembros de la Junta, existen intereses encontrados. Los abogados adujeron que las reclamaciones contra los miembros y exmiembros están basadas en sus decisiones como cuerpo colegiado, dentro de los procedimientos administrativos internos de la Cooperativa. Los letrados argumentaron que la representación simultánea de la Cooperativa y los miembros y ex miembros de la Junta de Directores era beneficiosa y que la demandante utilizaba la solicitud de descalificación como un mecanismo para dilatar los procedimientos.

El TPI atendió la solicitud de descalificación en una vista. Los abogados informaron que su descalificación se pidió en otros casos contra la Cooperativa por los mismos argumentos y fue denegada. El TPI no encontró un conflicto de intereses, porque los abogados representan a los miembros y ex miembros de la Junta por sus actuaciones y omisiones como Directores de la Cooperativa. Al TPI le quedó claro que no existe una representación

simultánea, debido a que no representan a los socios de la Cooperativa. Véase, pág. 189 del apéndice. El foro primario denegó la moción de reconsideración que presentó el demandante. Véase, pág. 208 del apéndice.

El 28 de febrero de 2024, el TPI desestimó la demanda contra la señora Bonilla, porque tomó conocimiento judicial de los casos CA2018CV03330 y KLCE201901287. El foro primario resolvió como un hecho incuestionable que el señor Santiago cometió la conducta indebida imputada en la querella ante la Junta de Directores de la Cooperativa Rolling Hills. El TPI concluyó que la Junta encontró probada la conducta indebida y que el Tribunal de Apelaciones confirmó la decisión. El foro apelado advirtió que la querella de la señora Bonilla no era frívola ni maliciosa porque ambos foros validaron que el señor Santiago cometió la conducta indebida imputada.

El foro primario resolvió que la reclamación también estaba prescrita. Según el TPI, la demanda prescribió, si se cuenta a partir de la notificación del mandato del Tribunal Supremo de Puerto Rico el 13 de noviembre de 2020 en el caso CC-2020-0229. El foro apelado determinó que la demanda está prescrita porque se presentó el 30 de mayo de 2022, 502 días después de notificado el mandato y 137 de expirado el término prescriptivo. El TPI llegó a la misma conclusión, si el término prescriptivo comienza a partir del desistimiento del apelante en el **CA2020CV01803.** Según el TPI, el señor Santiago desistió el 30 de noviembre de 2020 y a partir de ese momento tenía un año para instar la reclamación contra la apelada. Sin embargo, la presentó fuera de término, el 30 de marzo de 2022.

El TPI dictó la sentencia apelada en la que desestimó con perjuicio la demanda contra la señora Bonilla, a base de las doctrinas de impedimento colateral por sentencia y prescripción. El foro apelado ordenó al señor Santiago el pago de $5,000.00 de honorarios por temeridad. Según el TPI, el demandante fue temerario porque: (1) no informó que otras salas del tribunal habían confirmado que incurrió en la conducta indebida y (2) atacó colateralmente la decisión de un asunto sobre el que el poder judicial ya pasó juicio. El tribunal hizo hincapié en que el demandante agotó todos los

recursos hasta llegar al Tribunal Supremo y todas las decisiones fueron a favor de la apelada.

El señor Santiago solicita revisemos la resolución en la que el TPI se negó a descalificar a los abogados de la demandada y alega que:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR LA SOLICITUD DE DESCALIFICACIÓN RESULTANDO CONTRARIO A LO RESUELTO EN LIQUILUS GAS CORP. V. BERRÍOS ZARAGOSA, 138 DPR 850 (1995).

Además, solicita que revoquemos la sentencia parcial en la que el foro primario desestimó la demanda contra Norma Bonilla Medida. El señor Santiago alega que:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DICTAR SENTENCIA PARCIAL POR PRESCRIPCIÓN A FAVOR DE LA CO DEMANDADA NORMA BONILLA MEDINA Y LA IMPOSICIÓN DE CINCO MIL DÓLARES ($5,000.00) DE HONORARIOS DE ABOGADOS SIN ESTAR PRESENTE LOS ELEMENTOS DE TEMERIDAD.

## II

## CERTIORARI

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. 32 LPRA sec. 3491; *Rivera et al. v. Arcos Dorados et al,* 212 DPR 194, 207 (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020); *Mun. Caguas v. JRO Construction Inc.,* 201 DPR 703, 710 (2019).

En cuanto a la discreción para expedir el mismo, puntualizamos que la discreción judicial implica la autoridad para elegir entre diversas opciones, sin enajenarnos del Derecho. Se considera una forma de razonabilidad aplicada al discernimiento judicial con el fin de llegar a una conclusión justa. *IG Builders v. BBVAPR,* 185 DPR 307, 338 (2012); *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008); *García v. Padró,* 165 DPR 324, 334–335 (2005).

Como cuestión de umbral, ante todo recurso de certiorari, hemos de evaluar nuestra autoridad para expedir el mismo al amparo de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V. Esta dispone que, el recurso de

certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Aunque la característica principal del recurso reside en el carácter discrecional del mismo, tal determinación no es irrestricta, está sujeta a los criterios señalados en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. Así, pues, el foro apelativo deberá auscultar los criterios de la aludida regla para guiar su discreción al intervenir con la resolución u orden recurrida. La Regla 40 dispone:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B) Si la situación de los hechos planteada es la más indicada para analizar el problema.
>
> C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *IG Builders et al. v. BBVAPR,* supra, pág. 338. Sin embargo, la discreción no opera en el vacío y en ausencia de parámetros que la encaminen, sino que el foro apelativo cuenta con los criterios enumerados en dicha Regla para asistirlo y determinar si en un caso en particular procede que se expida el auto discrecional de *certiorari. BPPR v. SLG Gómez-López,* 2023 TSPR 145, 213 DPR ___ (2023).

Las órdenes de descalificación de abogados son revisables al amparo de la Regla 52.1, *supra,* porque esperar a una apelación constituirá un fracaso irremediable a la justicia. *Job Connection Center v. Sups. Econo,* 185 DPR 585, 601 (2012).

### RESPONSABILIDADES ÉTICAS DE LOS ABOGADOS

El Canon 21 del Código de Ética Profesional obliga a los abogados a un deber de lealtad y fidelidad hacia sus clientes y prohíbe la representación de intereses encontrados. La lealtad requerida a los abogados les exige ejercer un criterio profesional independiente y les impide revelar las confidencias reveladas por sus clientes. Los abogados deben evitar: (1) la representación sucesiva adversa que consiste en aceptar la representación de un cliente sobre asuntos que pueden afectar adversamente los intereses de un cliente anterior, (2) aceptar la representación simultánea de dos clientes con intereses encontrados y (3) aceptar la representación legal conociendo que su juicio profesional puede verse afectado por sus intereses personales. *In re González Hernández,* 190 DPR 164, 174 (2014).

Los abogados no pueden abogar para beneficio de un cliente aquello a lo que deben oponerse en cumplimiento de sus obligaciones actuales con otro cliente, ya que abogarían por causas contrarias. Esta prohibición únicamente se activa cuando existe una relación abogado cliente dual. *In re Pietri Torres,* 201 DPR 583, 595-596 (2018). La prohibición del Canon 21 se extiende a los conflictos reales y a los aparentes que llevan consigo la semilla de un posible o potencial conflicto. La existencia de un conflicto de intereses encontrados

amerita analizar, si existe una relación sustancial entre los asuntos que maneja el abogado con dos clientes actuales. La relación sustancial debe ser más que una mera coincidencia de los sujetos involucrados o temática entre el asunto general de una representación actual y una pasada. Sin embargo, no es necesario probar una violación al principio de confidencialidad. Únicamente se requiere probar una relación previa de abogado y cliente y que tal representación resulte adversa y esté relacionada sustancialmente con la anterior. *In re Aponte Duchesne,* 191 DPR 247, 257 (2014).

Cuando el tribunal ordena la descalificación *motu proprio* no es necesario aportar prueba sobre una violación ética. Igual ocurre, cuando la descalificación responde a la necesidad del juez de agilizar el trámite. La situación es distinta, cuando es una de las partes, la que solicita la descalificación. La mera presentación de una solicitud de descalificación no conlleva automáticamente la concesión de la petición. El tribunal deberá analizar la totalidad de las circunstancias conforme a los factores siguientes: (1) si quien solicita la descalificación tiene legitimación activa para invocarla, (2) la gravedad de la posible violación ética involucrada, (3) la complejidad del derecho a los hechos pertinentes a la controversia y el expertise de los abogados implicados, (4) la etapa de los procedimientos en que surja la controversia sobre descalificación y su posible efecto en cuanto a la solución justa, rápida y económica del caso y (5) el propósito detrás de la descalificación, es decir, si la intención no es dilatar los procedimientos. La moción de descalificación se considera frívola, cuando es para intimidar al adversario. El juez que atiende una moción de descalificación tiene que determinar, si la continuación de la representación legal causaría perjuicio o desventaja indebida a quien la solicita. El tribunal deberá brindarle al representante legal, cuya descalificación se solicita, la oportunidad de expresarse. *Job Connection Center v. Sups. Econo,* supra, págs. 597-598.

**Derecho aplicable a la apelación**

**REGLA 10.2 DE PROCEDIMIENTO CIVIL**

El ordenamiento procesal en Puerto Rico permite que la parte demandada solicite la desestimación de la demanda en su contra. No obstante, la demandada tiene que demostrar que alguna de las defensas afirmativas incluidas en la Regla 10.2, *supra*, va a prosperar, porque de las alegaciones de la demanda es evidente. Los tribunales que evalúan una moción de desestimación tienen que: (1) tomar como ciertos los hechos bien alegados en la demanda, (2) analizar el ataque al vicio intrínseco en la primera alegación y (3) tener el convencimiento judicial de que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que pudiera probar en apoyo a su reclamación. Este análisis requiere que el tribunal interprete las alegaciones de la demanda los más favorablemente posible para la demandante. *Comisión v. González Freyre et al.,* 211 DPR 579, 614-615 (2023); *Cobra Acquisitions v Mun. Yabucoa et al.,* 210 DPR 384, 396 (2022).

**IMPEDIMENTO COLATERAL POR SENTENCIA**

Una de las modalidades de la cosa juzgada es el impedimento colateral por sentencia. Esta modalidad se distingue de la doctrina de cosa juzgada, porque su aplicación no exige la identidad de causas. La razón de pedir en la demanda no tiene que ser la misma de la demanda anterior. El impedimento colateral no procede cuando la parte contra la que se impone no ha tenido oportunidad de litigar previamente el asunto y no fue la parte perdidosa en el litigio anterior. Su aplicación tampoco procede sobre asuntos que pudieron ser litigados y determinados en el primer caso y no lo fueron. Su aplicación se limita a las cuestiones que en efecto fueron litigadas y adjudicadas. *Presidential v. Transcaribe,* 186 DPR 263, 276-277 (2012).

Esta modalidad impide que en un pleito posterior se relitiguen cuestiones de hecho o de derecho necesarias para la adjudicación de un pleito anterior. No obstante, independientemente de que haya sido por la misma causa de acción o por otra distinta, siempre tiene que ser entre las mismas partes o sus causahabientes. Su aplicación exige que concurran los requisitos

siguientes: (1) que el asunto de hecho o derecho sea el mismo en ambos pleitos, (2) que se haya litigado en el pleito anterior, (3) que se haya determinado mediante una sentencia final y (4) que la determinación haya sido esencial para el fallo. *Universal Ins. y otro v. ELA y otros,* 211 DPR 455, 469-470 (2023).

## LAS DEFENSAS AFIRMATIVAS

La parte a quien corresponde responder una alegación tiene que afirmar hechos o argumentos que de ser ciertos derrotan el reclamo del demandante, aun dando como correctas todas sus alegaciones. Las defensas afirmativas principalmente comprenden materias sustantivas y/o constitutivas de excusas, por las cuales la demandada no debe responder a las reclamaciones en su contra. *Conde Cruz v. Resto Rodríguez et al.,* 205 DPR 1043, 1063 (2020).

La Regla 6.3 de Procedimiento Civil, 32 LPRA Ap. V, contiene las defensas afirmativas que puede plantear la parte a quien corresponda presentar una alegación responsiva. El inciso (h) se refiere al impedimento y el (p) a cosa juzgada. Las defensas afirmativas tienen que plantearse en forma clara, expresa y específica en la respuesta, porque, de lo contrario, se tendrán renunciadas. No obstante, pueden ser incluidas mediante enmienda, cuando se conoce su existencia durante el descubrimiento de prueba. La denominación equivocada de una defensa como una reconvención, o de una reconvención como una defensa afirmativa, no impide que el tribunal pueda considerarla, de la forma correcta, cuando los fines de la justicia lo requieran.

El Tribunal Supremo de Puerto Rico reconoció en *Presidential v. Transcaribe,* supra, págs. 281 y 286, que los tribunales no pueden levantar *motu proprio* las defensas afirmativas a las que el demandado renunció. La única ocasión en que puede hacerlo vía excepción es cuando no existe jurisdicción sobre la materia. La decisión advirtió que el impedimento colateral por sentencia y el fraccionamiento de causa de acción son modalidades distinguibles de la cosa juzgada. Según el Tribunal Supremo, ambas son defensas independientes a la cosa juzgada y tienen que plantearse

de forma clara, expresa y específica, en la primera alegación responsiva. Este caso se resolvió durante la vigencia de las Reglas de Procedimiento Civil de 1979, pero las Reglas de Procedimiento Civil del 2009 también incluyen la cosa juzgada y el impedimento colateral por sentencia como dos defensas afirmativas distintas. *Presidential v. Transcaribe,* supra, págs. 282-283.

La doctrina de cosa juzgada también es utilizada en los procedimientos administrativos en los escenarios siguientes: (1) dentro de la misma agencia, (2) interagencialmente, lo que significa de una agencia a otra y (3) entre las agencias y los tribunales. Su aplicación en alguna de esas vertientes está sujeta a que se cumplan dos requisitos. La agencia tiene que haber actuado en su capacidad judicial y haber resuelto las controversias entre sí. Las partes tienen que haber tenido una oportunidad adecuada de litigar. *Pagán Hernández v. U.P.R.,* 107 DPR 720, 733 (2012). No obstante, la aplicación de la doctrina de cosa juzgada en los procedimientos administrativos es flexible. Los tribunales tienen el poder de modificar o rechazar las determinaciones administrativas cuando es lo más justo y conveniente para el interés público. *Acevedo v. Western Digital Caribe, Inc.,* 140 DPR 452, 464 (1996). La aplicación de la doctrina de cosa juzgada no es rígida y debe considerarse juntamente con el principio de dispensar justicia en cada caso. Sin embargo, la mera alegación de violación de un derecho constitucional no obliga al tribunal a descartar automáticamente la presunción de cosa juzgada y evaluar los casos individualmente. *Pagán Hernández v. U.P.R.,* supra*,* págs. 735-738.

### PERSECUCIÓN MALICIOSA

La persecución maliciosa consiste en la presentación maliciosa y sin causa de acción probable de un proceso criminal o civil contra una persona que sufre daños por esa acción. No obstante, en nuestra jurisdicción no se favorece la acción de daños y perjuicios por persecución maliciosa como consecuencia de un pleito civil. Sin embargo, su presentación si es vista con buen ojo, cuando los hechos revelan circunstancias extremas en las que el demandante ha sido acosado con pleitos civiles y criminales injustificados y

maliciosos. Una causa de acción de esa naturaleza solo tendrá éxito si se cumplen los requisitos siguientes: (1) una acción civil fue iniciada, o un proceso criminal instituido por el demandado o a instancia de este, (2) la acción o la causa, terminó de modo favorable para el demandante, (3) fue seguida maliciosamente y sin que existiera causa probable y (4) el demandante sufrió daños y perjuicios como consecuencia. A las reclamaciones por persecución maliciosa, les aplica el término prescriptivo de un año de las acciones por daños y perjuicios. *García v. ELA,* 163 DPR 800, 810 (2004).

### PRESCRIPCIÓN

La prescripción extingue los derechos y acciones de cualquier clase y está fundamentada en la necesidad de poner fin a la inseguridad jurídica y a otros efectos adversos que surgen cuando se postergan o dejan pendientes posibles acciones judiciales. Sus elementos son el tiempo y el concurso de un cierto plazo y su finalidad, la certidumbre y firmeza de la vida jurídica. Su propósito es castigar la inercia en el ejercicio de los derechos, asegurar el señorío de las cosas y evitar litigios difíciles de adjudicar, debido a la antigüedad de las reclamaciones. Las acciones prescriben por el mero lapso de tiempo que establece la ley. El término prescriptivo para presentar una reclamación basada en culpa o negligencia es de un año, desde que lo supo el agraviado. No obstante, para que ese plazo comience a transcurrir es necesario que el demandante sepa que sufrió un daño y la identidad de quien lo ocasionó. *Vera v. Dr. Bravo,* 161 DPR 308, 321-324 (2004). Véase, además, *Fraguada Bonilla v. Hosp. Aux. Mutuo,* 186 DPR 365, 372-374 (2012). El Tribunal Supremo de Puerto Rico también ha resuelto que ese término comienza desde que el agraviado tuvo o debió tener conocimiento del daño que sufrió, quién se lo causó, así como los elementos necesarios para ejercer efectivamente su causa de acción. *Maldonado v. Suárez y otros,* 195 DPR 182, 194 (2016).

Cuando el demandante presenta una acción de desistimiento y no necesita autorización de tribunal, el término prescriptivo para presentar

nuevamente la reclamación comienza a partir del aviso. *García Aponte et al v. ELA,* 135 DPR 137, 145 (1994).

El Artículo 35.4(a) y (b) de la Ley Núm. 239 de 2004, conocida como, Ley de Cooperativas, 5 LPRA sec. 4588 establece que:

> Cualquier socio de una cooperativa de vivienda incurrirá en conducta indebida:
>
> (a) Cuando la conducta del socio o de cualesquiera de las personas que con el cohabiten la unidad de la vivienda a través de terceras personas fuere ilegal, o de otra índole que ocasionara una condición insoluble o peligrosa para la comunidad o para el inmueble, o constituyera un estorbo a la seguridad o tranquilidad de los vecinos.
>
> (b) Cuando el socio o alguien integrante de la composición del núcleo familiar o a través de terceras personas no cumpla con los reglamentos de la cooperativa, el contrato de vivienda ni se cumplan los acuerdos de la Junta de Directores.

## HONORARIOS POR TEMERIDAD

La Regla 44.1 (d) de Procedimiento Civil, 32 LPRA Ap. V, autoriza a los tribunales a ordenar en la sentencia, el pago de honorarios por temeridad. La sanción procede contra el abogado o la parte perdidosa que actuó con temeridad o frivolidad. El objetivo de la sanción es disuadir la litigación frívola, compensar a la parte que no ha sido temeraria por los gastos incurridos y fomentar las transacciones. El concepto de temeridad no está definido en las Reglas de Procedimiento Civil. El Tribunal Supremo de Puerto Rico ha delimitado sus contornos. El concepto temeridad es amplio e incluye las actuaciones de un litigante que: (1) ocasionan un pleito que pudo evitarse, (2) prolongan indebidamente el trámite judicial u (3) obligan a la otra parte a gastos innecesarios para hacer valer sus derechos. Un litigante perdidoso es temerario cuando, su terquedad, testarudez, obstinación, contumacia, empecinamiento, impertinencia e insistencia en una actitud desprovista, obliga a la otra parte innecesariamente a las molestias, gastos e inconvenientes de un pleito. *SLG González-Figueroa v. SLG et al.,* 209 DPR 138, 145-148.

La facultad de imponer honorarios de abogado y de determinar su procedencia es la mejor arma que tienen los tribunales para gestionar

eficientemente los procedimientos judiciales y la administración de la justicia. Igualmente, es la mejor arma para proteger a los litigantes de la dilación y gastos innecesarios. La parte que insiste contumazmente en alegar algo sin prueba fehaciente, que niega hechos que le constan o que son de fácil corroboración y que dilata los procesos judiciales para no responder por sus obligaciones es temeraria. Además, es temerario el que niega totalmente su responsabilidad por los hechos que motivan la demanda. *SLG González-Figueroa v. SLG et al.,* supra, pág. 150. La imposición de honorarios de abogado por temeridad descansa en la sana discreción judicial que solo será variada en apelación, cuando se demuestra un abuso de discreción. *SLG González-Figueroa v. SLG et al.,* supra, pág. 150.

**III**

La Regla 52.1, *supra,* autoriza nuestra intervención para atender la petición de certiorari, debido a que el señor Santiago solicita que revisemos la denegatoria a una solicitud de descalificación de representación legal. *Job Connection Center v. Sups. Econo,* supra. Nuestra intervención es necesaria para poner punto final a la controversia sobre la descalificación de los abogados de la Cooperativa. El señor Santiago no ha establecido tener legitimación activa, porque no ha alegado y menos demostrado el perjuicio que le ocasiona la representación legal de la Cooperativa. Además, presentó la solicitud de descalificación en una etapa tardía, casi un año después de que los abogados asumieran la representación legal de la Cooperativa y ya presentada y contestada la demanda enmendada. La solicitud de descalificación es tardía, porque los fundamentos surgen desde el principio.

Por último, coincidimos con el TPI en que no existe una representación dual de clientes con intereses encontrados, porque los abogados de la recurrida no representan a los socios de la Cooperativa. La representación dual de los miembros y ex miembros de la Junta de Directores y la Cooperativa tampoco constituye un conflicto de intereses. Los miembros y ex miembros de esa Junta precisamente fueron demandados por sus

actuaciones en los procedimientos administrativos internos de la propia Cooperativa.

El señor Santiago, además, apela la sentencia parcial en la que el TPI desestimó la demanda contra la señora Bonilla. Según el señor Bonilla, el TPI aplicó incorrectamente la defensa de impedimento colateral por sentencia. El foro primario no cometió el error señalado.

El TPI aplicó correctamente la doctrina de impedimento colateral por sentencia. La causa del primer pleito entre las partes fue la desconformidad del señor Santiago con la Resolución de la Cooperativa. El impedimento colateral por sentencia se configuró porque en ese primer caso identificado **CA2018CV03330,** el TPI y el TA adjudicaron cuestiones de hecho y derechos esenciales para este caso. Ambos foros pusieron punto final a los cuestionamientos del señor Santiago sobre la legalidad y veracidad de la querella de la señora Bonilla. Las sentencias finales y firmes del TPI y el TA en ese primer caso, confirmaron que la querella estuvo justificada, ya que ambos avalaron la decisión del organismo administrativo. La Cooperativa resolvió que el señor Santiago generó una expectativa razonable de que podía realizar una acción adversa contra la señora Bonilla. El TPI en ese primer caso honró deferencia a las determinaciones de hecho del foro administrativo, porque estaban sostenidas por evidencia sustancial que surge del expediente en su totalidad. Su intervención se limitó a las sanciones impuestas, debido a que no eran proporcionales con la prueba. El TA atendió en ese primer caso la solicitud de la Cooperativa de revocar la reducción de las sanciones. El TA tampoco intervino con las determinaciones de hecho del foro administrativo avaladas por el TPI. Su intervención fue solo para confirmar la reducción y eliminación de las sanciones, porque eran muy severas y no se ajustaba a los hechos probados. Aunque las sanciones fueron reducidas, las decisiones de ambos foros judiciales, en ese primer caso, confirmaron que el señor Santiago cometió la conducta indebida que le atribuyó la señora Bonilla.

No obstante, el señor Santiago presentó esta demanda en la que alega que esa querella es parte de la persecución maliciosa de la señora Bonilla en

su contra. Sin embargo, ese asunto fue adjudicado de manera final y firme en el primer pleito. El señor Santiago no puede alegar persecución maliciosa, porque la señora Bonilla resultó victoriosa en la querella que da base a su demanda.

Según el señor Santiago su reclamo no está prescrito. El TPI resolvió que sus propias alegaciones evidencian que prescribió. La demanda se presentó el 30 de marzo de 2022. El foro primario concluyó que estaba prescrita, si comenzaba a contar el término para demandar, a partir del mandato del Tribunal Supremo de Puerto Rico, el 13 de noviembre de 2020, en el primer caso entre las partes. A la misma conclusión llegó si contaba el término a partir del 30 de noviembre de 2020, cuando el señor Bonilla desistió del primer pleito por persecución maliciosa.

La demanda está prescrita. No nos parece correcto contar el término prescriptivo a partir del mandato del Tribunal Supremo en el caso CC-2020-0229, porque lejos de ser el momento en que el señor Santiago conoce el daño, confirma que no tiene una causa de acción. A nuestro juicio, lo correcto es contar el término prescriptivo a partir de su primer desistimiento. Sin embargo, en ambos escenarios, la conclusión es la misma, la demanda está prescrita.

Por último, el señor Santiago cuestiona la imposición de honorarios por temeridad. El TPI no erró al ordenarle el pago de honorarios. Su temeridad es evidente, porque presentó una demanda por persecución maliciosa contra la señora Bonilla, a sabiendas de que no tenía una causa de acción. El señor Santiago sometió a la señora Bonilla a litigar el pleito, a pesar de que las alegaciones de la querella fueron validadas por el foro judicial de forma final y firme, en un caso anterior entre las partes. Su conducta, además, ocupó innecesariamente al tribunal. El señor Santiago tampoco demostró que la cantidad impuesta constituye un abusó de su discreción, porque es irrazonable.

## IV

Por los fundamentos antes expuestos, se confirman las determinaciones recurridas.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones